Michael Schumacher (#262403)
**RIGRODSKY & LONG, P.A.**
155 Jackson Street, #1903
San Francisco, CA 94111
Telephone: (415) 855-8995
Facsimile: (302) 654-7530
Email: ms@rl-legal.com

*Attorneys for Plaintiff*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KENT, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ABAXIS, INC., VERNON ALTMAN, RICHARD J. BASTIANI, MICHAEL D. CASEY, HENK J. EVENHUIS, CLINTON H. SEVERSON, and PRITHIPAL SINGH,<br><br>Defendants. | Case No. _____<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>JURY TRIAL DEMANDED |

Plaintiff, by and through his attorneys, alleges upon personal knowledge as to himself, and upon information and belief based upon, among other things, the investigation of counsel as to all other allegations herein, as follows:

## SUMMARY OF THE ACTION

1. This action stems from a proposed transaction announced on May 16, 2018 (the "Proposed Transaction"), pursuant to which Abaxis, Inc. ("Abaxis" or the "Company") will be acquired by Zoetis, Inc. ("Parent") and its wholly-owned subsidiary, Zeus Merger Sub, Inc. ("Merger Sub," and together with Parent, "Zoetis").

2. On May 15, 2018, Abaxis's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

1  Agreement") with Zoetis.  Pursuant to the terms of the Merger Agreement, shareholders of
2  Abaxis will receive $83.00 in cash for each share of Abaxis they own.

3. On June 5, 2018, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES AND RELEVANT ENTITIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Abaxis common stock.

9. Defendant Abaxis is a California corporation and maintains its principal executive offices at 3240 Whipple Road, Union City, CA 94587.  Abaxis's common stock is traded on the NasdaqGS under the ticker symbol "ABAX."

2
COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

10. Defendant Vernon Altman ("Altman") is a director of Abaxis.

11. Defendant Richard J. Bastiani ("Bastiani") is a director of Abaxis.

12. Defendant Michael D. Casey ("Casey") is a director of Abaxis.

13. Defendant Henk J. Evenhuis ("Evenhuis") is a director of Abaxis.

14. Defendant Clinton H. Severson ("Severson") is a director of Abaxis.

15. Defendant Prithipal Singh ("Singh") is a director of Abaxis.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17. Non-party Parent is a Delaware corporation and a party to the Merger Agreement.

18. Non-party Merger Sub is a California corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Abaxis (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

20. This action is properly maintainable as a class action.

21. The Class is so numerous that joinder of all members is impracticable. As of January 12, 2018, there were approximately 22,870,967 shares of Abaxis common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

22. Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and

3
COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

1  adequately protect the interests of the Class.

2  　　24.　　The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

　　25.　　Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

　　26.　　Abaxis is a worldwide developer, manufacturer, and marketer of portable blood analysis systems that are used in a broad range of medical specialties in human or veterinary patient care to provide clinicians with rapid blood constituent measurements.

　　27.　　The Company provides leading edge technology and tools that support best medical practices, enabling physicians and veterinarians to respond to the health needs of their clients at the point of care while operating economical and profitable practices.

　　28.　　On May 15, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with Zoetis.

　　29.　　Pursuant to the terms of the Merger Agreement, shareholders of Abaxis will receive $83.00 in cash for each share of Abaxis they own.

　　30.　　According to the press release announcing the Proposed Transaction:

> Zoetis Inc. (NYSE:ZTS) and Abaxis, Inc. (NASDAQ:ABAX) today announced a definitive merger agreement pursuant to which Zoetis will acquire Abaxis, a leader in the development, manufacture and marketing of diagnostic instruments for veterinary point-of-care services for US $83 per share in cash, or approximately $2.0 billion in aggregate. The acquisition is expected to enhance

4
COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Zoetis' presence in veterinary diagnostics, a category of the animal health industry with approximately 10% compound annual growth over the last three years.

Abaxis, founded in 1989 and headquartered in Union City, Calif., is a leading provider of diagnostic instruments and consumable discs, kits and cartridges to the animal health industry. Abaxis reported revenue of $244.7 million for its fiscal year ended March 31, 2018, an increase of 8% compared to its 2017 fiscal year. Its VetScan® portfolio of benchtop and handheld diagnostic instruments and consumables serves a large customer base of veterinary practices in North America and is poised for expansion in international markets. . . .

Abaxis' Veterinary Diagnostics Portfolio

The Abaxis VetScan portfolio includes chemistry and hematology diagnostic instruments and companion discs, kits and cartridges, which are consumables that create a recurring revenue stream. Abaxis recently launched the VetScan FLEX4 Rapid Test to detect Heartworm, Lyme, Ehrlichia and Anaplasma diseases in dogs, as well as its VetScan Canine Pancreatic Lipase Rapid Test, its UA urine chemistry instrument and the Urine Sediment Analyzer.

Abaxis has a near-term pipeline of products, including an update to the capabilities of its VetScan FUSE®, a bi-directional connectivity system that provides integration between Abaxis point-of-care instruments and veterinary practice management systems worldwide.

Abaxis derived 83% ($201.9 million) of its annual revenue in fiscal year 2018 from diagnostic products and services for the veterinary market. Approximately 16% ($38.6 million) of the company's revenues were generated by sales of its Piccolo® portfolio of analyzers and tests for the human medical market. Sales of consumables accounted for approximately 78% ($191.3 million) of Abaxis' fiscal 2018 revenue. Abaxis has more than 580 employees worldwide.

Veterinary Diagnostics: A Growing and Vital Category of Animal Health

The veterinary diagnostics category, which includes reference laboratory and point-of-care diagnostics, is estimated to be more than $3 billion, with compound annual growth of 10% over the past three years. Zoetis expects the diagnostics category to continue to grow faster than the animal health industry, with growth in the mid to high single digits, driven by international adoption of point-of-care diagnostic instruments due to rising medicalization rates, increasing standard of veterinary care and the convenience of in-clinic testing.

The transaction is subject to customary closing conditions, including regulatory approvals and the approval of Abaxis shareholders. Zoetis expects to complete the acquisition before the end of 2018, and it intends to fund the purchase through a

combination of existing cash and new debt.

Zoetis anticipates the transaction will have an impact on 2018 reported earnings related to customary closing activities; however, on an adjusted basis, the company does not expect a material impact. Zoetis will provide additional updates as the transaction progresses towards closing. Zoetis expects the transaction to be accretive to the company's earnings in 2019.

*The Proxy Statement Omits Material Information, Rendering It False and Misleading*

31.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

32.     The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

33.     The Proxy Statement omits material information regarding the Company's financial projections and the valuation analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Piper Jaffray & Co. ("Piper Jaffray").

34.     With respect to the Company's financial projections, the Proxy Statement fails to disclose:  (i) all line items used to calculate EBITDA; (ii) all line items used to calculate free cash flow to the firm ("FCFF"); and (iii) a reconciliation of all non-GAAP to GAAP metrics.

35.     With respect to Piper Jaffray's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose:  (i) the projected terminal value for the Company; and (ii) the inputs and assumptions underlying the range of discount rates ranging from 11.8% to 13.8%.

36.     With respect to Piper Jaffray's Premiums Paid Analysis, the Proxy Statement fails to disclose the transactions observed by Piper Jaffray in the analysis as well as the premiums paid in such transactions.

37.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that

opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

38.  The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Reasons for the Merger; (iii) Opinion of Piper Jaffray & Co.; and (iv) Certain Financial Forecasts Utilized by Abaxis in Connection with the Merger.

39.  The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Abaxis**

40.  Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41.  The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Abaxis is liable as the issuer of these statements.

42.  The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

43.  The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

44.  The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

45. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

46. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

47. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants acted as controlling persons of Abaxis within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Abaxis and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous

8
COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

52. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: June 27, 2018

**RIGRODSKY & LONG, P.A.**

By: */s/ Michael Schumacher*
Michael Schumacher (#262403)
155 Jackson Street, #1903
San Francisco, CA 94111
Telephone: (415) 855-8995
Facsimile: (302) 654-7530
Email: ms@rl-legal.com

300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530

*Attorneys for Plaintiff*